Submitted on respondent's petition for reconsideration filed September 24, and appellants' response to petition for reconsideration filed October 8, petition for reconsideration allowed; opinion (189 Or App 349, 76 P3d 669) modified and adhered to as modified November 13, 2003

Paul R. BOCCI, Jr.,
guardian ad litem for Paul R. Bocci, III,
an incapacitated individual,
*Plaintiff,*

*v.*

KEY PHARMACEUTICALS, INC.,
a foreign corporation,
Schering-Plough Corporation,
a foreign corporation,
and Schering Corporation,
a foreign corporation,
*Defendants,*

*and*

MILES, INC.,
an Indiana corporation,
Miles, Inc., Pharmaceutical Division,
an Indiana corporation,
Legacy Health System,
an Oregon corporation,
Legacy Immediate Care Clinic,
Frederick D. Edwards, M.D.,
and the Eugene Clinic,
a partnership,
*Defendants.*

Frederick D. EDWARDS, M.D.,
*Respondent,*

*v.*

KEY PHARMACEUTICALS, INC.,
a foreign corporation,
Schering-Plough Corporation,
a foreign corporation,
and Schering Corporation,
a foreign corporation,
*Appellants.*

A9210-07050; A86556

79 P3d 908

Daniel M. Holland, Ronald B. Terzerbach, Loomis & Holland, Mary H. Spillane, Margaret A. Sundberg, and Williams, Kastner & Gibbs PLLC for petition.

William F. Gary, Sharon A. Rudnick, James E. Mountain, Jr., and Harrang Long Gary Rudnick P.C. *contra*.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

### LANDAU, P. J.

Cross-claim plaintiff Frederick D. Edwards, M.D., petitions for reconsideration of our opinion in *Bocci v. Key Pharmaceuticals, Inc.*, 189 Or App 349, 76 P3d 669 (2003) (*Bocci III*), making numerous arguments. We allow reconsideration to correct a misstatement of fact in the opinion, but adhere to our previous opinion in all other respects.

In our previous opinion, we quoted from *Bocci II*:

> " 'The jury awarded Bocci more than $5 million in compensatory damages and $35 million in punitive damages. The jury awarded Edwards $500,000 in compensatory damages and $22[.5] million in punitive damages.' "

*Bocci III*, 189 Or App at 352 (quoting *Bocci v. Key Pharmaceuticals, Inc.*, 178 Or App 42, 46, 35 P3d 1106 (2001) (*Bocci II*)). However, later in the *Bocci III* opinion, we misstated that the "ratio of combined punitive damages ($55.5 million) to combined compensatory damages ($5.5 million) is in excess of 10 to 1." *Bocci III*, 189 Or App at 360. Edwards correctly points out that the combined punitive damages were actually $57.5 million and further notes that the combined compensatory award was $6,121,648, concluding that the ratio was not in excess of 10 to 1, but rather was 9.4 to 1. We therefore correct the above-quoted statement as follows: "The ratio of combined punitive damages ($57.5 million) to combined compensatory damages ($6,121,648) is 9.4 to 1." In *Bocci III*, we further stated that the ratio "exceeds by two and a half times the ratio of 4 to 1 that the Court suggested 'might be close to the line of constitutional impropriety.' " *Id.* at 360 (quoting *State Farm v. Campbell*, 538 US 408, ___ , 123 S Ct 1513, 1524, 155 L Ed 2d 585 (2003)). We modify that sentence to read: "Indeed, it exceeds by more than two times the ratio of 4 to 1 that the Court suggested 'might be close to the line of constitutional impropriety.' "

 Edwards maintains that that alteration of the ratio of punitive to compensatory damage calculations should change our conclusion that the maximum permissible ratio under the circumstances of this case is 7 to 1. We disagree. While the Court in *State Farm* did note that "few awards exceeding

a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process," 538 US at _____ , 123 S Ct at 1524, that obviously does not mean that any award that has only a single-digit ratio will satisfy due process. We adhere to our conclusion in *Bocci III* that a 7-to-1 ratio is appropriate in this case.

We reject Edwards's remaining arguments on reconsideration without discussion.

Petition for reconsideration allowed; opinion modified and adhered to as modified.